IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHARLES SAMUEL JOHNSON JR.                                                         PLAINTIFF

v.                                    Civil No. 4:19-cv-4110

SERGEANT GRIFFIE, Miller County Detention Center
("MCDC"); CAPTAIN ADAMS, MCDC; JANE DOE,
Guard MCDC; CORPORAL POOLE, MCDC; and
K. WATSON, Disciplinary Committee MCDC                                             DEFENDANTS

## ORDER

This is a civil rights action filed by Plaintiff Charles Samuel Johnson Jr. pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court must screen any complaint in which a prisoner seeks redress from a governmental entity, officer or employee. 28 U.S.C. § 1915A

### I.     BACKGROUND

Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on September 5, 2019. (ECF No. 1). That same day, the Court granted Plaintiff's *in forma pauperis* application. (ECF No. 3). Plaintiff is currently incarcerated in the Miller County Detention Center ("MCDC"). Plaintiff asserts two claims.

Plaintiff asserts Claim One against Defendants Griffie, Doe, Poole, and Watson. Plaintiff describes Claim One as "Terrorist Threat, Abuse of Power, Inciting Violence." (ECF No. 1, p. 5). He claims that on August 22, 2019, he called Defendant Griffie a racial slur. He alleges that Defendant Griffie demanded that he submit to handcuffs, and that Plaintiff complied. Defendant Griffie then allegedly removed the handcuffs and threatened Plaintiff, telling him that the only

thing keeping him from beating Plaintiff up was his kids. Plaintiff alleges that Defendant Griffie was then about to strike Plaintiff but was talked out of it by an unknown female guard.[1] Plaintiff alleges further that Defendants Poole and Watson witnessed this incident but did nothing.

Plaintiff asserts Claim Two against Defendant Adams. Plaintiff describes Claim Two as "Abuse of Power." Plaintiff alleges that he told Defendant Adams that Defendant Griffie had threatened him. Plaintiff claims that Defendant Adams reviewed video footage of the incident but took no disciplinary action against Defendant Griffie. Thus, Plaintiff claims that Defendant Adams is covering up crimes in the MCDC.

Plaintiff proceeds against Defendants in their individual and official capacities. He seeks compensatory and punitive damages, and asks for damages for "pain & suffering also mental anguish." *Id.* at p. 9.

## II.  APPLICABLE LAW

Under the PLRA, the Court must screen this case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d

---

[1] The Court presumes that this refers to Defendant Jane Doe, Guard, MCDC.

537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

The Court will begin by separately addressing Plaintiff's two claims against Defendants in their individual capacities. Then the Court will address Plaintiffs official capacity claims.

### A. Verbal Threats

Plaintiff claims that Defendant Griffie verbally threatened him with violence on one occasion and that Defendants Doe, Poole, and Watson were aware of what happened and did nothing about it.

Title 42 of the United States Code provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "As a general rule, the federal civil-rights remedies available to a person under section 1983 are not so broad as those available under state law, common or statutory." *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986).

"Verbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under section 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials did not rise to the level of a constitutional violation).

As stated above, Plaintiff claims that Defendant Griffie verbally threatened him. Even if true, claims based on verbal threats and harassment necessarily fail because they are not cognizable under section 1983. Accordingly, Plaintiff's individual capacity claims against Defendants

3

Griffie, Doe, Poole, and Watson should all be dismissed for failure to state a claim upon which relief may be granted.

**B. Abuse of Power**

Plaintiff claims that Defendant Adams abused his power by failing to properly discipline Defendant Griffie for the above-described incident.

Supervisors cannot be held liable under 42 U.S.C. § 1983 for acts of subordinates simply because of the employment relationship. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir.2010); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir.1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [section 1983] liability"). Thus, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 677.

A prison supervisor can be held liable for failing to properly supervise subordinates by tacitly authorizing constitutional violations or by failing to take corrective action in response to violations. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). To state a failure-to-supervise claim, a prisoner must allege that the supervisor knew of a pattern of unconstitutional acts committed by subordinates; was deliberately indifferent to or tacitly authorized the offensive acts; and failed to correct the situation. A "single incident, or series of isolated incidents, usually provides an insufficient basis upon which to assign supervisor liability." *Lenz v. Wade*, 490 F.3d 991, 995-96 (8th Cir. 2007). The prisoner must also set out in his complaint the injury caused by the failure to supervise. *Parrish*, 594 F.3d at 1002; *Otey v. Marshall*, 121 F.3d 1150, 1156 (8th Cir. 1997).

Plaintiff does not allege that any Defendant engaged in a pattern of violating inmates' constitutional rights or, more importantly, that Defendant Adams knew about any such unconstitutional pattern of conduct. Nor has Plaintiff made any other allegations that would support a claim that Defendant Adams was deliberately indifferent to a substantial risk that Defendant Griffie might harm Plaintiff or other prisoners. For this reason, Plaintiff's individual capacity claim against Defendant Adams should be dismissed for failure to state a claim upon which relief may be granted.[2] *Polk v. Does*, No. 4:11-cv-0383-JMM/BD, 2011 WL 2690240, at *3 (E.D. Ark. June 23, 2011), *report and recommendation adopted*, No. 4:11-cv-0383-JMM, 2011 WL 2682498 (E.D. Ark. July 11, 2011).

**C. Official Capacity Claims**

Section 1983 claims may be stated against a defendant in his individual or official capacity, or both. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In this case, Plaintiff's official capacity claims against Defendants are treated as claims against their employing governmental entity, Miller County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

---

[2] To the extent that Plaintiff's claim is instead based on Defendant Adams' failure to adequately investigate the incident, that claim would also fail. First, the failure to investigate or respond to a prisoner's grievance is not actionable under section 1983. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Womack v. Bell*, No. 4:10CV00533, 2010 WL 3803011, at *2 (E.D. Ark. Aug. 18, 2010), *report and recommendation adopted*, No. 4:10-CV-533-DPM-JTR, 2010 WL 3804111 (E.D. Ark. Sept. 22, 2010) ("[A] prisoner can file a [section] 1983 claim only for an alleged violation of his federal constitutional or statutory rights. . . There are no reported cases suggesting that a prisoner has a federal constitutional or statutory right to have jail officials conduct an internal investigation into the allegedly wrongful actions of correctional officers."). Second, as explained above, supervisors are individually liable under section 1983 only if they directly participate in a constitutional violation or if they fail to supervise and train officers. *See Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996). Plaintiff has not alleged that Defendant Adams directly took part in the alleged incident of verbal harassment and the Court determined above that Plaintiff failed to state a viable claim of failure to supervise against Defendant Adams.

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Miller County's liability under section 1983, Plaintiff "must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).

For purposes of section 1983, a policy is a "deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Marksmeier v. Davie*, 622 F.3d 896, 902 (8th Cir. 2010). To establish a custom, a plaintiff must prove that the county engaged in a continuing pattern of unconstitutional misconduct, not just a single unconstitutional act. *Id.* at 902-903.

Plaintiff's Complaint has not identified any policy, custom, or practice of Miller County that contributed to a violation of his rights. Accordingly, all official capacity claims shall be dismissed.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's claims against all Defendants are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. **This dismissal constitutes a strike pursuant to 28 U.S.C. § 1915(g)**. *See Hunter v. Jordheim*, No. 3:14-cv-044, 2014 WL 3938789, at *4 (D.N.D. Aug. 11, 2014). **The Clerk of Court is DIRECTED to place a § 1915 strike flag on the case**.

**IT IS SO ORDERED**, this 16th day of September, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge